◼ In the Matter of MILLER, MANNIX & PRATT, P. C., Respondent, v KROLICK AND DE GRAFF, P. C., Appellant.—Mahoney, P. J. Appeals (1) from an order of the County Court of Warren County (Moynihan, Jr., J.), entered January 27, 1988, which granted petitioner's application, in a proceeding pursuant to RPAPL article 7, to recover possession of premises occupied by respondent, (2) from the judgment entered thereon, and (3) from an order of said court, entered February 3, 1988, fixing an undertaking to stay enforcement of the eviction order pending appeal.

In August 1985, petitioner entered into a written lease to occupy premises located at One Broad Street Plaza in the City of Glens Falls, Warren County. Thereafter, petitioner commenced negotiations with respondent concerning merger of the two law firms. After respondent moved part of its operations and employees to petitioner's Glens Falls offices, difficulties between the firms developed and, in October 1987, when the merger was called off, both firms were occupying the same office space at One Broad Street Plaza.

Petitioner asserts that when the merger failed it offered, and respondent agreed, to pay one half of the rent due under the main lease and one half of the utility costs per month while respondent remained at the Broad Street Plaza offices. Upon respondent's failure to make any rental payments after several demands therefor, petitioner commenced a summary proceeding pursuant to RPAPL article 7 to evict respondent from the office space.

While respondent admits that no rental payments were made, it asserts that RPAPL article 7 relief is inappropriate because the relationship between petitioner and respondent was not that of landlord and tenant but rather an office

sharing arrangement that was to continue until the final costs in terms of rent and utility expenses could be determined. County Court, from the pleadings, affidavits and oral arguments, concluded that petitioner had established standing to maintain an RPAPL article 7 proceeding and that a landlord-tenant relationship existed between the parties. Judgment was granted for petitioner and a warrant of eviction was served on respondent. After respondent acted to stay execution of the order of eviction pursuant to CPLR 5519 (a) (6), County Court fixed the amount of the undertaking at $25,000.

Petitioner appeals from the order of eviction and the judgment entered thereon and the order fixing the amount of the undertaking. On May 5, 1988, this court granted respondent's cross motion to consolidate the two appeals. Since both parties concede in their briefs that respondent has quit the premises at One Broad Street Plaza in Glens Falls, and since petitioner, prior to commencing the instant proceeding, commenced an action in Supreme Court seeking to recover $100,000 in damages for use and occupancy of the office space, the issues presented upon these appeals are now moot.

Appeals dismissed, as moot, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.